UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CHAD ALLEN MARTIN                                                                                    PLAINTIFF

v.                                                                          CIVIL ACTION NO. 1:16-CV-P114-GNS

KIMBERLY JAMES et al.                                                                            DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Plaintiff, Chad Allen Martin, filed a *pro se* complaint on this Court's form for prisoners bringing a civil rights suit pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

### I. SUMMARY OF CLAIMS

At the time Plaintiff filed his complaint, he was a pretrial detainee at the Warren County Regional Jail (WCRJ). He names as Defendants in their individual and official capacities, WCRJ Captains Kimberly James and Shawn Whittlesey, WCRJ Chief Jailer Missi Causey, and WCRJ Jailer Jackie Strode. His complaint concerns four separate incidents while he was incarcerated at WCRJ.

First, Plaintiff alleges that on August 22, 2015, Defendant Whittlesey administered a "tazer blast [that] exceeded normal punishment when he repeatedly shocked" Plaintiff while he was handcuffed to a restraint chair because Plaintiff attempted to remove a sheet that was covering him.

Plaintiff next alleges that Defendant James sprayed him with mace on December 22, 2015, when he would not stop striking himself in the face. According to the complaint,

Defendant James "tazed [Plaintiff] in an attempt to stop [Plaintiff's] uncontrollable urge of causing self harm." He states that at the time he was "experiencing a severe depression and anxiety attack to the extent I felt like I had to harm myself to stop thoughts about the nature of the crime I committed and the very long sentence I must serve."

Third, Plaintiff complains that during a physical altercation with another inmate he was struck in the mouth by the other inmate causing an injury requiring 13 stitches. Plaintiff alleges that "county and federal inmates are not supposed to be housed together by law . . . again negligence by WCRJ guards has left me with a horrible scar on the left side of my upper lip." Plaintiff states that looking at the scar "triggers severe depression and anxiety attack." He alleges "8th Amendment violation cruel and unusual punishment."

Plaintiff next alleges that on June 17, 2016, he told "guards" that he could not go to "H-7" "due to a danger to me I told them money was on my head at the amount of $60 phone cards and he had buddys up there." He states that he was taken to H-7 anyway and that no one brought him "a p.c. sheet to sign when I told them the danger to me." He states that in H-7 he was "jumped" twice, suffering injuries to his face, jaw, and hand.

As relief, Plaintiff asks for monetary and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore,

dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether Plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*First claim*

The Court will allow Plaintiff's claim that on August 22, 2015, Defendant Whittlesey administered a "tazer blast [that] exceeded normal punishment when he repeatedly shocked" Plaintiff while he was handcuffed to a restraint chair to proceed against Defendant Whittlesey but only in his individual capacity.

If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Plaintiff's claim against Defendant Whittlesey in his official capacity is actually brought against the Warren County government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, like Warren County, the Court must consider not only whether the plaintiff's harm was caused by a constitutional violation but also if the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat*

3

*superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct"). Here, Plaintiff does not allege that Defendant Whittlesey administered the tazor pursuant to a custom or policy of Warren County. Therefore , the official-capacity claim against Defendnat Whittlesey will be dismissed.

*Second claim*

Plaintiff alleges that Defendant James sprayed him with mace on December 22, 2015, when he would not stop striking himself in the face and "tazed me in an attempt to stop my uncontrollable urge of causing self harm." The Court will allow this claim to go forward against Defendant James in her individual capacity. Because Plaintiff does not allege that Defendant James was acting pursuant to a custom or policy of Warren County, the Court will dismiss the official-capacity claim against Defendant James. *See Searcy*, 38 F.3d at 286.

*Third claim*

Plaintiff complains that during a physical altercation with another inmate, county inmate Steven Sales, he was struck in the mouth by the other inmate and that "county and federal inmates are not supposed to be housed together by law . . . again negligence by WCRJ guards has left me with a horrible scar on the left side of my upper lip." Plaintiff alleges "8th Amendment violation cruel and unusual punishment."

Plaintiff cannot state a cognizable claim simply based on county and federal inmates being housed together. *See, e.g.*, *Howard v. Osborne*, No. 4:13CV-P129-M, 2014 WL 1491245, at *3 (W.D. Ky. Apr. 15, 2014). To the extent that Plaintiff is raising a failure-to-protect claim, a pretrial detainee's Fourteenth Amendment due process claim for failure to protect is analyzed using the same standard as the Eighth Amendment. *See Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985). In the prison context, the Eighth Amendment imposes a duty on prison officials to take reasonable measures to guarantee the safety of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "Deliberate indifference of a constitutional magnitude may occur when prison guards fail to protect one inmate from an attack by another." *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990). However, in order to support an action under § 1983, a plaintiff

must establish something more than a lack of ordinary due care, inadvertence, or error. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986). Nothing in Plaintiff's complaint indicates that Defendants were aware of a risk to Plaintiff from being housed with county inmates. Therefore, Plaintiff fails to state a constitutional claim with regard to this incident.

*Fourth claim*

Plaintiff alleges that on June 17, 2016, he told "guards" that he could not go to H-7 "due to a danger to me I told them money was on my head at the amount of $60 phone cards and he had buddys up there." He states that, despite his protest, he was taken to H-7 and that no one brought him "a p.c. sheet to sign when I told them the danger to me." He alleges that he was then jumped twice. He states:

> The second time was when a guard finally caught it and it wasn't the guard just sitting at the desk. I'm bleeding out my nose, eyes blacked, hard to eat because my jaw was injured, left side of face swollen, nose swollen, right hand lumpy swollen, not to mention I had to do 48 hours punishment when this should and could have been avoided. Captain Kim James claims I was trying to manipulate the system, policy or whatever.

Here, Plaintiff alleges that he notified "guards" that putting him in H-7 would be dangerous, yet he was put in H-7 and not given a chance to ask for protective custody. Plaintiff further alleges that he suffered harm from having been placed in H-7. However, Plaintiff does not explain which "guards" he told about the danger. Although he mentions Defendant James, it appears only to be in the context of her comments after the alleged injuries occurred.

The Court will give Plaintiff an opportunity to file an amendment to his complaint to explain which Defendant(s) or guard(s) committed the alleged constitutional violation. *See LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013) (a district court may allow a prisoner to amend a complaint to avoid *sua sponte* dismissal under the Prison Litigation Reform Act).

## III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's official-capacity claims against Defendants Whittlesey and James and the claim relating to Plaintiff being assaulted by county inmate Steven Sales are **DISMISSED** for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff may **within 30 days** of entry of this Memorandum Opinion and Order file an amended complaint. After that 30-day period has expired, the Court will, if necessary, conduct an initial review of Plaintiff's amended complaint and/or enter a Scheduling Order to govern the development of the claims permitted to go forward.

The Clerk of Court is **DIRECTED** to send Plaintiff a 42 U.S.C. § 1983 form, with the word "Amended" and this case number written in the caption along with three blank summons forms.

Date: December 9, 2016

Greg N. Stivers, Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4416.009