## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

**CHAD ALLEN MARTIN**                                                                                    **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 1:16-CV-P114-GNS**

**KIMBERLY JAMES et al.**                                                                          **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff, Chad Allen Martin, has filed an amended complaint as directed by this Court's Memorandum Opinion and Order entered December 12, 2016. That amended complaint identifies the guards who placed Plaintiff in cell H-7 despite being told by Plaintiff that being moved to H-7 would be dangerous to Plaintiff.

In the amended complaint, Plaintiff states that in June 2016 he told guards Captain Joey and Captain Kimberly James that he could not go to H-7 due to a conflict with another prisoner. He states that they failed to give him a "P.C. sheet" to sign. He states that he was told by Defendant James that Defendants Missi Causey and Jackie Strode cleared him to go to H-7 and "no one listened to [his] plea for protection." He states that after he was moved to H-7, he was "jumped twice" resulting in a bloody nose, black eyes, injured jaw, and swollen face and hand.

The Court will allow the claim to go forward against Defendants Joey, James, Causey and Strode in their individual capacities. 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

However, the official-capacity claims against these Defendants must be dismissed. As explained in this Court's prior Memorandum Opinion and Order, if an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71

(1989). Therefore, in the case at bar, Plaintiff's claims against Defendants, who are employees of the Warren County Regional Jail, in their official capacities are actually brought against the Warren County government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, like Warren County, in addition to a analyzing whether the plaintiff's harm was caused by a constitutional violation, the Court must also consider whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

Here, the incident alleged appears to be a one-time occurrence, which does not support a finding that the municipality was responsible for the alleged wrongdoing. *Thomas v. City of Chattanooga*, 398 F.3d 426, 432 (6th Cir. 2005) (holding a court cannot "infer a municipal-wide policy based solely on one instance of potential misconduct"); *Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Because nothing indicates that this was other than an isolated incident, the Court will dismiss the official-capacity claims against these Defendants for failure to state a claim.

**IT IS THEREFORE ORDERED** that the official capacity-claims against Defendants James, Causey, Strode and Joey are **DISMSSED** for failure to state a claim pursuant to 28 U.S.C. § 1915A(B)(1).

Because all of the official-capacity claims have been dismissed,

3

**IT IS ORDERED** that Defendant Warren County Regional Jail is **DISMISSED** from this action.

The Clerk of Court is **DIRECTED** to terminate Defendant Warren County Regional Jail as a party to this action.

The Court will enter a separate Scheduling Order to govern the continuing individual-capacity claims.

Date:  March 22, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4416.009