# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

CHAD ALLEN MARTIN                                                                     PLAINTIFF

v.                                                    CIVIL ACTION NO. 1:16-CV-P114-GNS

KIMBERLY JAMES et al.                                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff, Chad Allen Martin, filed a *pro se* civil-rights suit pursuant to 42 U.S.C. § 1983. This matter is before the Court on Defendants' motion for summary judgment (DN 30). For the reasons set forth below, the motion will be granted.

## I.

At the time Plaintiff filed his complaint, he was a pretrial detainee at the Warren County Regional Jail (WCRJ). The Court allowed to proceed a claim that Defendant WCRJ Captain Shawn Whittlesey tazed Plaintiff on August 22, 2015, while Plaintiff was handcuffed to a restraint chair and that on December 22, 2015, Defendant WCRJ Captain Kimberly James sprayed Plaintiff with mace and tazed him. The Court also allowed Plaintiff's allegation concerning being moved to "H-7" to go forward. According to the complaint, on June 17, 2016, Plaintiff was moved to H-7 despite having told Defendants that he would be in danger if he was moved there. He alleged that in H-7 he was "jumped" twice, suffering injuries to his face, jaw, and hand.

In their motion for summary judgment, Defendants argue that Plaintiff did not exhaust his administrative remedies in accordance with the Prison Litigation Reform Act (PLRA). They state that Plaintiff did not grieve the August 22, 2015, incident or the December 22, 2015, incident. Defendants further argue that, while Plaintiff did file a grievance with respect to the

June 2016 incident, he did not appeal from the initial response to the grievance and therefore did not fully exhaust his administrative remedies.

In response (DN 40), Plaintiff argues that the reason he was unable to file grievances regarding the episodes of being tazed is that he was on suicide watch and suicide watch inmates are not allowed to have pens or pencils because they could use them to harm themselves. He argues that discovery will change the outcome of his case because it will show that Defendants wronged him. He states that he wishes to use discovery to obtain the suicide watch logs to prove that he was on suicide watch.

In reply (DN 41), Defendants point out that Plaintiff's response to their summary-judgment motion was not verified and that, in that response, Plaintiff does not deny that he failed to file grievances about the incidents occurring on August 22, 2015, and December 22, 2015. They also point out that Plaintiff does not deny that he failed to appeal the denial of his grievance related to the June 2016 incident and that he offers no reason for that failure.

Defendants further argue that Plaintiff's contention that he could not file grievances due to being on suicide watch is erroneous. They point out that Plaintiff was aware of WCRJ's grievance procedure and that he did not claim that WCRJ staff refused to provide him with grievance forms or writing materials. They explain that suicide watch inmates are provided full access to the WCRJ's grievance process upon request. In support, they attach the affidavit of Defendant Causey and other documents, including the grievance Plaintiff filed related to the June 2016 incident.

Plaintiff filed a sur-reply (DN 43). Plaintiff again asserts that he was not allowed pens, paper, or pencils while on suicide watch. He also asks the Court to take note that the grievance

form attached to the summary-judgment motion "has no appeal process on it." He asks, "So how can I exhaust further if their form doesn't allow for it?"

## II.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id.* If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990).

Prisoner civil-rights cases are subject to the PLRA's mandate that "[n]o action shall be brought with respect to prison conditions under § 1983 . . . by a prisoner confined in any jail,

prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To exhaust a claim, a prisoner must proceed through all of the steps of a prison's or jail's grievance process, because an inmate "cannot abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). The Supreme Court held in *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), that failure to "properly" exhaust bars suit in federal court. "Proper exhaustion" means that the plaintiff complied with the administrative "agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id*. at 90-91.

The Supreme Court provided further clarification of the PLRA's exhaustion rule in *Jones v. Bock*, 549 U.S. 199 (2007). The Court struck down the Sixth Circuit's rule which placed the burden on prisoners to plead and prove exhaustion in their complaint, holding instead that failure to exhaust is an affirmative defense. *Jones*, 549 U.S. at 216. The Court further held that "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*. at 218.

Here, Defendants attach an affidavit from Defendant Causey explaining that a copy of the Jail's Inmate Rules, Privileges and Rights were given to Plaintiff (in addition to being posted in each cell/dormitory) and explaining that procedures were in place for inmates in suicide watch to file a grievance. Defendant Causey avers that although inmates on suicide watch are not provided "free and ready access to writing utensils," if an inmate on suicide watch requests to file a grievance, the inmate is taken to the booking area where, under close supervision, he is provided with a grievance form and writing utensil. In particular, she avers: "Inmates on suicide

watch are provided full and free access to the Jail's grievance procedure. Suicide watch inmates are not denied the ability or opportunity to file grievances and appeal those grievances."

She further avers that as Chief Deputy Jailer she is familiar with the books and records the Jail maintains with respect to inmates and that Plaintiff did not file a grievance regarding either the August 2015 incident or the December 2015 incident. She avers that although Plaintiff did file a grievance with respect to the June 2016 incident, he did not appeal from the initial response to that grievance.

Defendants also attach to their motion a copy of the WCRJ Inmate Rules, Privileges and Rights which provides that "[a]ll grievances must be filed within [48] hours of the event or act that you are complaining about" and that "[i]f you are not satisfied with the initial response to your grievance, you may appeal to the Jailer or his/her designee within [48] hours of the initial response." The copy of the Inmate Rules, Privileges and Rights is signed by Plaintiff as having been received by him in June 2015. Also attached is an inmate grievance form from Plaintiff dated June 19, 2016, asserting that he had told the guards that it would be dangerous for him to be put in H-7. The response to that grievance is dated June 22, 2016, and states that Plaintiff did not have "stay aways" in H-7 at the time of the incident. The instruction portion at the top of that form states in pertinent part: "If you are not satisfied with the initial response to your grievance, you may appeal to the Jailer or his/her designee within forty-eight (48) hours of the initial response."

The Court finds that Defendants have submitted adequate summary-judgment proof that Plaintiff failed to exhaust his administrative remedies. It is clear from the attachments to the summary-judgment motion that Plaintiff failed to grieve the August and December 2015 incidents and failed to appeal the denial of his grievance related to the June 2016 incident.

5

Defendants have demonstrated that WCRJ had a grievance process and that Plaintiff was made aware of that process. They have provided a sworn statement that being on suicide watch would not have prevented Plaintiff from filing a grievance; that, in fact, Plaintiff did not file a grievance regarding either the August 2015 or the December 2015 incidents; and that Plaintiff did not complete the grievance process by filing an appeal with regard to the June 2016, incident. Thus, the Court concludes that the record in this case could not lead the trier of fact to find for Plaintiff on the issue of exhaustion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. at 586.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Defendants' motion for summary judgment (DN 30) is **GRANTED**.

Date: June 9, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
　　Counsel of record
4416.009